UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

)
ANTHONY DACRE,
    Plaintiff  **03 CV 12269 RCL**

V.                          )    Civil Action

WHITE WATER SEAFOOD CORP.,  )  No. _____
    Defendant             )
)    MAGISTRATE JUDGE Collings

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and says:

### General Factual Allegations

1.    The Plaintiff, Anthony Dacre, is a resident of Richmond, Virginia.

2.    The Defendant, White Water Seafood Corp., is a corporation, duly organized and existing under the laws of the state of Florida.

3.    On or about July 7, 2001, the Defendant, White Water Seafood Corp., was doing business within the Commonwealth of Massachusetts.

4.    On or about July 7, 2001, the Plaintiff was employed by the Defendant, White Water Seafood Corp.

5.    On or about July 7, 2001, the Plaintiff was employed by the Defendant, White Water Seafood Corp., as a seaman, and a member of the crew of the F/V WHITE WATER.

6.    On or about July 7, 2001, the Defendant, White Water Seafood Corp., owned the F/V WHITE WATER.

7.    On or about July 7, 2001, the Defendant, White Water Seafood Corp., chartered the F/V WHITE WATER from some other person or entity.

8.    On or about July 7, 2001, the Defendant, White Water Seafood Corp., operated the F/V WHITE WATER.

9.    On or about July 7, 2001, the Defendant, White Water Seafood Corp., or the Defendant's agents, servants, and/or employees, controlled the F/V WHITE WATER.

10.    On or about July 7, 2001, the F/V WHITE WATER was in navigable waters.

11.    On or about July 7, 2001, while in the in the performance of his duties in the service of the F/V WHITE WATER, the Plaintiff sustained personal injuries.

12.    Prior to and at the time he sustained the above mentioned personal injuries, the Plaintiff was exercising due care.

## Jurisdiction

13.    This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, 46 U.S.C. §688 et. seq.

14.    This Court has subject matter jurisdiction over this matter pursuant to Article III, Section 2 of the United States Constitution, the General Maritime Law, and 28 U.S.C. §1331.

## COUNT I

## Anthony Dacre v. White Water Seafood Corp.

## (JONES ACT NEGLIGENCE)

15.    The Plaintiff, Anthony Dacre, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.    The personal injuries sustained by the Plaintiff, Anthony Dacre, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.    As a result of said injuries, the Plaintiff, Anthony Dacre, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.    This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Anthony Dacre, demands judgment against the Defendant, White Water Seafood Corp., in the amount of $1,000,000.00, together with interest and costs.

## COUNT II

### Anthony Dacre v. White Water Seafood Corp.

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19.    The Plaintiff, Anthony Dacre, reiterates the allegations set forth in paragraphs 1 through 14 above.

20.    The personal injuries sustained by the Plaintiff, Anthony Dacre, were due to no fault of his, but were caused by the unseaworthiness of the F/V WHITE WATER.

21.    As a result of said injuries, the Plaintiff, Anthony Dacre has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.    This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Anthony Dacre, demands judgment against the Defendant, White Water Seafood Corp., in the amount of $1,000,000.00, together with interest and costs.

## COUNT III

### Anthony Dacre v. White Water Seafood Corp.

### (GENERAL MARITIME LAW - MAINTENANCE AND CURE)

23.　　The Plaintiff, Anthony Dacre, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.　　As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Anthony Dacre, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Anthony Dacre, demands judgment against the Defendant, White Water Seafood Corp., in the amount of $100,000.00 for maintenance and cure, together with costs and interest.

## COUNT IV

### Anthony Dacre v. White Water Seafood Corp.

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE)

25.　　The Plaintiff, Anthony Dacre, reiterates the allegations set forth in paragraphs 1 through 14 above.

26.　　As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Anthony Dacre, has incurred and will continue to incur expenses for his maintenance and cure.

27.　　The Plaintiff, Anthony Dacre, has made demand upon the Defendant, White Water Seafood Corp., for the provision of maintenance and cure.

28.　　The Defendant, White Water Seafood Corp., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with his maintenance and cure in a timely and

4

adequate manner.

29.    As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical & hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Anthony Dacre, demands judgment against the Defendant, White Water Seafood Corp., in the amount of $250,000.00, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for the
the Plaintiff, Anthony Dacre,
by his attorney,

David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: 11/12/03