UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JAN 28  P 3: 05

DISTRICT COURT
DISTRICT OF MASS.

ANTHONY DACRE,            )
        Plaintiff,        )
                          )
    v.                    )       Civil Action No. 03-12269-RCL
                          )
WHITE WATER SEAFOOD CORP.,)
        Defendant         )

## DEFENDANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT

### FIRST DEFENSE

By way of affirmative defense the defendant states that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendant responds to the allegations contained in the plaintiff's Complaint paragraph by paragraph as follows.

### General Factual Allegations

1. The defendant has insufficient information to admit or deny the allegations contained in paragraph 1 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

2. Admitted.

3. The defendant denies the allegations contained in paragraph 3 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

4. The defendant has insufficient information to admit or deny the allegations contained in paragraph 4 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at

trial.

5.    The defendant has insufficient information to admit or deny the allegations contained in

paragraph 5 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at

trial.

6.    Admitted.

7.    The defendant denies the allegations contained in paragraph 7 of the plaintiff's

Complaint and calls upon the plaintiff to prove the same at trial.

8.    Admitted.

9.    The defendant neither admits nor denies the allegations contained in paragraph 9

because this paragraph contains a statement of law to which no response is required.

10.    Admitted.

11.    The defendant denies the allegations contained in paragraph 11 of the plaintiff's

Complaint and calls upon the plaintiff to prove the same at trial.

12.    The defendant denies the allegations contained in paragraph 12 of the plaintiff's

Complaint and calls upon the plaintiff to prove the same at trial.

Jurisdiction

13.    The defendant neither admits nor denies the allegations contained in paragraph 13

because this paragraph contains a statement of law to which no response is required.

14.    The defendant neither admits nor denies the allegations contained in paragraph 14

because this paragraph contains a statement of law to which no response is required.

2

## COUNT I (Jones Act Negligence)

15.    The defendant repeats its answers to paragraphs 1 - 14, above, and incorporates them herein by reference.

16.    The defendant denies the allegations contained in paragraph 16 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

17.    The defendant denies the allegations contained in paragraph 17 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

18.    The defendant neither admits nor denies the allegations contained in paragraph 18 because this paragraph contains a statement of law to which no response is required.

## COUNT II (Unseaworthiness)

19.    The defendant repeats its answers to paragraphs 1 - 14, above, and incorporates them herein by reference.

20.    The defendant denies the allegations contained in paragraph 20 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

21.    The defendant denies the allegations contained in paragraph 21 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

22.    The defendant neither admits nor denies the allegations contained in paragraph 22 because this paragraph contains a statement of law to which no response is required.

## COUNT III (Maintenance and Cure)

23.    The defendant repeats its answers to paragraphs 1 - 14, above, and incorporates them

herein by reference.

24. The defendant admits that the plaintiff has incurred expenses for his maintenance and cure, which the defendant has paid, but has insufficient information to admit or deny the remaining allegations contained in paragraph 24 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

## COUNT IV (Intentional/Negligent Failure to Provide Maintenance and Cure)

25. The defendant repeats its answers to paragraphs 1 - 14, above, and incorporates them herein by reference.

26. The defendant admits that the plaintiff has incurred expenses for his maintenance and cure, which the defendant has paid, but has insufficient information to admit or deny the remaining allegations contained in paragraph 26 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

27. Admitted.

28. The defendant denies the allegations contained in paragraph 28 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

29. The defendant denies the allegations contained in paragraph 29 of the plaintiff's Complaint and calls upon the plaintiff to prove the same at trial.

## THIRD DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the

4

defendant was not and is not legally responsible.

## FOURTH DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff was injured as alleged, which the defendant denies, those injuries were the result of an act of God for which the defendant is not legally responsible.

## FIFTH DEFENSE

By way of affirmative defense, the defendant says that if the defendant was negligent or its vessel unseaworthy, which it denies, then the plaintiff's injuries, if any, were contributed to by the plaintiff's own negligence to such a degree that any recovery must be reduced pro rata.

## SIXTH DEFENSE

By way of affirmative defense, the defendant says that if it is found liable to the plaintiff for any of his alleged damages, the amount of such liability is limited pursuant to the provisions of the Limitation of Liability Act, 46 U.S.C.A. §§181, et. seq.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant states that if the injury alleged was sustained, it did not occur while the plaintiff was in the service of the vessel.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff's action is barred by the application of the statute of limitations.

## NINTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff's action has been brought in the wrong venue.

TENTH DEFENSE

By way of affirmative defense, the defendant says that this Court lacks jurisdiction over the plaintiff's action.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

The Defendant,
WHITE WATER SEAFOOD CORP.,
By Its Attorneys,

**REGAN & KIELY LLP**

Joseph A. Regan-BBO #543504
Syd A. Saloman-BBO #645267
85 Devonshire Street
Boston, MA 02109
(617) 723-0901

DATE:  ι- λ.η- ο⁴

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via first class mail on ι- λ.η- ο⁴

6

# REGAN & KIELY LLP

### ATTORNEYS AT LAW

85 DEVONSHIRE STREET

BOSTON, MASSACHUSETTS 02109

JOSEPH A. REGAN
ROBERT E. KIELY
SYD A. SALOMAN

CHRISTOPHER S. HAYES (1965-1995)

TELEPHONE (617) 723-0901
FAX (617) 723-0977

January 27, 2004

Civil Clerk
United States District Court
1 Courthouse Way
Boston, MA 02210

Re:     Anthony Dacre, Plaintiff v. White Water Seafood Corp., Defendant
        Civil Action No. 03-12269-RCL
        Our File No. M1525

Dear Sir/Madam:

Enclosed please find for filing Defendant's Answer to the Plaintiff's Complaint.

Thank you for your assistance in this matter.

Very truly yours,

**REGAN & KIELY LLP**

Syd A. Saloman

SAS/cb

Enclosure

cc:     David J. Berg, Esquire