UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY DACRE,<br>Plaintiff<br><br>V.<br><br>WHITE WATER SEAFOOD CORP.,<br>Defendant | Civil Action<br><br>No. 03-12269-RCL |

## JOINT SCHEDULING STATEMENT

Now come the parties in the above captioned matter and respectfully submit this proposed joint scheduling statement.

1.   Summary of parties' positions regarding liability and relief sought:

<u>Plaintiff</u>

This is a Jones Act case. Plaintiff was injured when he slipped on the deck of the Defendant's vessel while attempting to gaff a shark. The deck was unreasonably slippery, and did not have non-skid paint. Plaintiff contends that the Defendant was negligent due to the condition of the deck, and that the condition of the deck constituted an unseaworthy condition. As a result of this incident, Plaintiff suffered a herniated disc and required a lumbar laminectomy in May, 2003. Plaintiff still suffers pain, and is still disabled as a result of this incident.

<u>Defendant</u>

This was the first and only trip which the plaintiff on the F/V WHITE WATER. He quit after 2-3 days and refused to do any work. No accident was ever reported nor did anyone observe any sign that the plaintiff was injured. The captain arranged for a ride back to shore on another vessel and bought the plaintiff a railway ticket to return home to Virginia and gave him $40.00

travel money.

2.  Discovery plan

We believe a two-stage discovery process may be in order in the captioned matter: The first is to give each side an opportunity to evaluate the case, and the second is to, if necessary, prepare for trial.

A.  1.  all amendments to pleadings to be filed on or before 3/31/04.

   2.  all written discovery propounded pursuant to Fed.R.Civ.P. 26(b) to be served by 4/1/04.

   3.  all depositions of fact witnesses to be completed on or before 8/31/04; the parties reserve the right during the second stage of this process to preserve their witnesses' testimony for time of trial through video deposition consistent with the Federal Rules of Civil Procedure, Federal Rules of Evidence and Local Rules.

B.  If necessary, stage two would consist of the following:

   1.  Plaintiff's designation of experts and complete answers to expert interrogatories on or before 9/30/04.

   2.  Defendant's designation of experts and complete answers to expert interrogatories on or before 10/31/04.

   3.  Completion of any allowed expert depositions on or before 11/30/04.

   4.  all dispositive motions to be filed on or before 11/30/04.

   5.  Final Pretrial Conference some date after 11/30/04.

3.  Certification pursuant to Rule 16.1(d)(3)

We the undersigned counsel certify that the parties have conferred with their clients with respect to the establishment of a budget for the cost of conducting the full course of the litigation, and the resolution of the litigation by means of alternative dispute resolution.

Respectfully submitted,
Anthony Dacre, Plaintiff,
By his attorney,

*[signature]*

David J. Berg
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

White Water Seafood Corp.,
Defendant,
By its attorneys,

*[signature]*

Joseph A. Regan, Esq.
Syd A. Saloman, Esq.
Regan & Kiely LLP
85 Devonshire St.
Boston, MA 02109
617-723-0901

Dated: 2/24/04