UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

————————————————————

ANTHONY DACRE,
    Plaintiff

V.

WHITE WATER SEAFOOD CORP.,
    Defendant

————————————————————

    Civil Action

    No. 03-12269-RCL

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR THE ISSUANCE OF LETTER ROGATORY FOR SUBPOENA DUCES TECUM SEEKING PLAINTIFF'S CRIMINAL OFFENDER RECORD INFORMATION (C.O.R.I.) FROM JURISDICTIONS OUTSIDE OF MASSACHUSETTS AND FOR COMMISSION**

NOW COMES the Plaintiff, and states as follows:

1.    Defendant has sought access to all of the Plaintiff's CORI information from Florida, Virginia and South Carolina. Defendant contends that it should be allowed access to these records for the purpose of impeachment.

2.    The Plaintiff objects to this request because it is excessively broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in violation of Fed.R.Civ.P. 26(b)(1).

3.    The Plaintiff also objects to this request because the Defendant has not indicated that its request is permissible according to the laws of Florida, Virginia, and South Carolina.

4.    CORI information in Massachusetts includes a person's entire criminal record, including arrests. M.G.L. c. 6, §167. The Defendant's request for the Plaintiff's entire Massachusetts CORI information, if any, is clearly beyond the scope of discovery as it seeks information that is 1) not reasonably calculated to lead to the discovery of admissible evidence, and 2) clearly inadmissible at trial. Fed.R.Civ.P. 26(b)(1); Fed.R.Evid. 609.

5.    The entire body of Massachusetts CORI information as to the Plaintiff is thus irrelevant and has nothing to do with impeachment.

6.    The Plaintiff does not know what the entire body of CORI information in Florida, Virginia, and South Carolina contains, and believes that it is the Defendant's responsibility to bring that information before the Court before its motion can be properly addressed.

WHEREFORE, the Plaintiff respectfully requests:

A.    That Defendant's request for access to CORI information be denied in part.

B.    That Defendant be permitted access to CORI information regarding criminal convictions only with respect to 1) convictions of crimes punishable by death or imprisonment in excess of one year and 2) convictions of crimes involving dishonesty or false statement.

C.    That the Defendant be permitted no other access to CORI information.

D.    For such other and further relief as may be just.

Respectfully submitted for the
the Plaintiff, Anthony Dacre,
by his attorney,

David F. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

2

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I sent a copy of this pleading to Joseph A. Regan, Esq.

David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: September 10, 2004

3