UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY DACRE,<br>    Plaintiff<br><br>V.<br><br>WHITE WATER SEAFOOD CORP.,<br>    Defendant | Civil Action<br><br>No. 03-12269-RCL |

PLAINTIFF'S MOTION IN LIMINE REGARDING CRIMINAL CONVICTIONS
---

Now comes the Plaintiff, and states as follows:

1. The Plaintiff testified at his deposition that he has been convicted of the following crimes, to the best of his recollection:

    a. 1987 - driving on a suspended license while revoked

    b. 1987 - grand theft auto (possibly)

    c. 1990 – assault

    d. 1993 – grand theft auto

    e. late 1990's – unlawful wounding

2. He testified that he was also convicted of "a couple of" DWIs. He also testified that he may have been convicted of other crimes, but he cannot recall.

3. Fed.R.Evid. 609 states, inter alia, as follows:

    (a) General rule. For the purpose of attacking the credibility of a witness,

    > (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

        (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

4. The Plaintiff therefore seeks an Order of this Court barring Defendant or its counsel from referencing to, offering any evidence on or questioning any witness about any crimes of which the Plaintiff may have been convicted unless Defendant provides satisfactory proof to the Court and to the Plaintiff of the existence of such convictions, and that a hearing be scheduled on this matter.

5. Upon such hearing, the Plaintiff seeks an Order of this Court ruling that no evidence of any such convictions may be submitted to the jury.

    WHEREFORE, the Plaintiff respectfully requests that Orders be entered as set forth in paragraphs 4 and 5 above.

          Respectfully submitted for the
          the Plaintiff, Anthony Dacre,
          by his attorney,


          /s/ David J. Berg
          David J. Berg, Esq.
          Latti & Anderson LLP
          30-31 Union Wharf
          Boston, MA 02109
          617-523-1000

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following: Joseph A. Regan, Esq.

          /s/ David J. Berg
          David J. Berg, Esq.
          Latti & Anderson LLP
          30-31 Union Wharf
          Boston, MA 02109
          617-523-1000

Dated: February 7, 2005