UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                        )
ANTHONY DACRE,                          )
        Plaintiff                       )
                                        )        Civil Action
V.                                      )
                                        )        No. 03-12269-RCL
WHITE WATER SEAFOOD CORP.,              )
        Defendant                       )
_____)

<u>PLAINTIFF'S JURY INSTRUCTIONS</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 1</u>

The Plaintiff has in this suit asserted three separate claims.  The first of these is

negligence under the Jones Act, the second is for unseaworthiness under the General Maritime

Law, and the third is for what is called maintenance and cure.  These claims should be

considered separately by you.  The Plaintiff is entitled to recover if he establishes either claim.

<u>NEGLIGENCE - JONES ACT</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 2</u>

The count of the Plaintiff's Complaint in which he alleges negligence is authorized under an Act of Congress referred to as the Jones Act. The Jones Act gives a seaman or fisherman the right to sue in an action for damages arising from the negligence of the owner or crew of a vessel aboard which the seaman or fisherman is employed, if he suffers personal injuries in the course of his employment.

46 U.S.C. App. §688.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 3</u>

Under the Jones Act, "[t]he obligation of a shipowner to a seaman is substantially greater than that of an ordinary employer to his employees."

<u>Koehler v. Presque Isle Transp. Co.</u>, 141 F.2d 490, 492 (2nd Cir. 1944), <u>cert</u>. <u>den</u>., 322 U.S. 764, 64 S.Ct. 1288 (1943).

JONES ACT CLAIM FOR NEGLIGENCE -- ESSENTIAL ELEMENTS

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 4

In order to recover on his claim for negligence, the plaintiff has the burden of proving

two essential elements by a preponderance of the evidence.  These elements are:

First:          That the defendant was negligent;

Second:          That the defendant's negligence was a cause of injury to the plaintiff.

<u>NEGLIGENCE - DEFINITION</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 5</u>

I will now explain to you the first element of the Jones Act claim, namely that of negligence.

Negligence is the failure to exercise the degree of care which an ordinarily prudent person would use under the same or similar circumstances in the discharge of the duty resting upon him.  Negligence is the failure of one owing this duty of care to another to do what an ordinarily prudent person would have done under the circumstances, or doing what such person would not have done.  It is said to be the failure to use ordinary care under the circumstances.

In a Jones Act claim, the word "negligence" is given a liberal interpretation.  It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Employers of seamen have a duty to provide their employees with a reasonably safe place to work.  If you find that the plaintiff's decedent was injured because the defendants failed to furnish him with a reasonably safe place to work, and that his working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendants were negligent.

The fact that the defendants may have conducted their operations in a manner similar to that of other companies is not conclusive as to whether the defendants were negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances.  The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under the circumstances.  A long accepted practice

5

may be an unsafe practice.  However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

Federal Jury Practice and Instructions (4th Edition),  §95.06.

Fifth Circuit Pattern Jury Instructions, Civil, §4.4.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 6</u>

Ordinary care is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the person or property of others.

<u>Tiller v. Atlantic Coast Line R. Co.</u>, 318 U.S. 54, 67, 63 S.Ct. 444 (1943).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 8</u>

<u>SAFE PLACE TO WORK</u>

A shipowner/employer has the continuing duty to a seaman or fisherman employed aboard its vessel to perform work thereon to use ordinary care under the circumstances to furnish those seamen or fishermen with a reasonably safe place in which to work and to use ordinary care under the circumstances to maintain and keep the vessel in a reasonably safe condition. "Safe place to work" in the law means a place where the work can be performed without exposure to unreasonable risk or harm if the worker performs his duties with reasonable care for his own safety.

If you find that in this case the plaintiff was injured because the defendant failed to furnish him with a reasonably safe place to work because of the allegedly negligent and careless behavior of a fellow member of the crew or the Master, and that the plaintiff's working conditions could have been made safe with the exercise of reasonable care, then you may find that the defendant was negligent.

<u>Mahnich v. Southern S.S. Co.</u>, 321 U.S. 96, 102, 64 S.Ct. 455, 459 (1944).

<u>Ribitzki v. Canmar Reading & Bates, Ltd. Partnership</u>, 111 F.3d 658, 662 (9th Cir. 1997).

CORPORATE STATUS

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 9

The defendant in this case is a corporation.  A corporation may act only through natural persons as its agents or employees.  In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

Federal Jury Practice and Instructions (5th edition), §103.31.

<u>PROXIMATE CAUSE - NEGLIGENCE</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 10</u>

The second element of the Plaintiff's Jones Act claim is whether the Defendant's negligence caused or contributed to an injury and consequent damage suffered by the Plaintiff.

In deciding proximate cause under the plaintiff's Jones Act claim for negligence of the defendant, the single question for you to decide is "whether negligence of the employer played any part however small" in the plaintiff's injuries.  The burden of the plaintiff/employee is met, and the obligation of the defendant/employer to pay damages arises, where there is proof, even though entirely circumstantial, that the defendant's slightest negligence caused the plaintiff's injury.

<u>Federal Jury Practice and Instructions (4th Edition)</u>, §95.09.

<u>Gautreaux v. Scurlock Marine, Inc.</u>, 84 F.3d 776, 782 (5th Cir. 1996), <u>affirmed in part and reversed in part on other grounds</u>, 107 F.3d 331, 339 (5th Cir. 1997) (en banc) (the original panel opinion reaffirmed the use of the "featherweight" burden of proving causation, which was approved by the en banc opinion).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 11</u>

Under the Jones Act an injury or damage is considered caused by a negligent act, or negligent failure to act, whenever it appears, from a preponderance of the evidence of the case, that the act or omission played any part <u>no matter how small, even the slightest</u>, in bringing about or actually causing the injury or damage.

The Plaintiff's burden of proving causation under the Jones Act has been described as "featherweight."

<u>Rogers v. Missouri Pacific R.R.</u>, 352 U.S. 500, 77 S.Ct. 443 (1957).

<u>Gallick v. Baltimore & Ohio Ry. Co.</u>, 372 U.S. 108, 83 S.Ct. 659 (1963).

<u>Toucet v. Maritime Overseas Corp.</u>, 991 F.2d 5, 10 (1st Cir. 1993).

<u>Gautreaux v. Scurlock Marine, Inc.</u>, 84 F.3d 776, 782 (5th Cir. 1996), <u>affirmed in part and reversed in part on other grounds</u>, 107 F.3d 331, 339 (5th Cir. 1997 (en banc) (the original panel opinion reaffirmed the use of the "featherweight" burden of proving causation, which was approved by the en banc opinion).

<u>THE SECOND CLAIM -- UNSEAWORTHINESS</u>

<u>JURY INSTRUCTION NUMBER 12</u>

The plaintiff's second claim is that he suffered injury while a member of the crew of the Defendant's vessel because of the unseaworthiness of the vessel and her crew, and that he is entitled to damages as a result.

On this subject, I tell you that a shipowner, such as the defendant, is required by law to provide and maintain a seaworthy vessel for its crew, such as the plaintiff in this case.

In order to recover on his claim of unseaworthiness the plaintiff has the burden of proving two essential elements by a preponderance of the evidence.  These elements are:

<u>First</u>:          That the vessel or her crew was unseaworthy in some manner;

<u>Second</u>:          That the unseaworthy condition was a proximate cause of injury to the plaintiff.

13

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 13</u>

I will now explain the first element of this part of the case. A seaworthy vessel is a ship whose hull, equipment and crew are reasonably adequate in design, maintenance and character to perform their intended functions in the operation of the ship, and that crewmembers will have a reasonably safe place to work and not be subjected to unreasonable risk of harm by reason of failure or deficiency in the ship, its equipment, or its crew.

<u>Mitchell v. Trawler Racer, Inc.</u>, 362 U.S. 539, 80 S.Ct. 926 (1960).

<u>Gutierrez v. Waterman Steamship Corp.</u>, 373 U.S. 206, 213, 83 S.Ct. 1185 (1963).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 14</u>

A shipowner owes to a seaman an absolute non-delegable duty to furnish him with a seaworthy vessel, a seaworthy crew.  If the shipowner's vessel, equipment or crew are in any way inadequate for the purposes for which they are intended, and as a result of said inadequacy the seaman is injured, the vessel is unseaworthy and the shipowner is responsible to the seaman in damages.

<u>Mitchell v. Trawler Racer, Inc.</u>, 362 U.S. 539, 80 S.Ct. 926 (1960).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 15


Unseaworthiness is a relative term and does not necessarily mean the inability of the vessel to sail or be navigable.  A vessel is unseaworthy with respect to a seaman if it does not provide him with safe and suitable appliances with which to perform his work and if it does not afford him a safe place in which to work.


Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926 (1960).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 16</u>

The plaintiff is not required to prove that the entire vessel was unseaworthy, that is that she would sink if she attempted to float, all that he must prove is that the vessel, equipment or crew was not reasonably fit for its intended purpose, or that some condition of the vessel prevented it from being reasonably fit for its intended purpose, and that he was injured as a result.

<u>Mitchell v. Trawler Racer, Inc.</u>, 362 U.S. 539, 80 S.Ct. 926 (1960).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 17

Even a temporary and unforeseeable malfunction or failure of the vessel or a piece of its equipment under expected and appropriate use is sufficient to establish the unseaworthiness of the vessel as long as the condition, however temporary and unforeseeable, is the proximate cause of the injuries suffered by the fisherman.

See Hubbard v. Farows Fisheries, Inc., 626 F.2d 196 (1st Cir. 1980).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 18</u>

"Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame.  That is to say, the shipowner or operator is liable for all injuries and consequent damages proximately caused by an unseaworthy condition existing at any time, even though the owner or operator may have exercised due care under the circumstances and may have had no notice or knowledge of the unseaworthy condition which proximately caused the injury or damage."

<u>Federal Jury Practice and Instructions (4th edition)</u>, §95.11.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 19</u>

Lack of notice or knowledge on the part of the defendant of the unseaworthy condition is no defense to an action for unseaworthiness.  Liability for unseaworthiness is absolute and has nothing to do with concepts of negligence.

Nor does it matter how long or how short a time the condition of unfitness may have existed prior to the accident.

<u>Mitchell v. Trawler Racer, Inc.</u>, 362 U.S. 539, 80 S.Ct. 926 (1960).

<u>Federal Jury Practice and Instructions (4th edition)</u>, §§95.11, 95.12, 95.17.

PROXIMATE CAUSE - UNSEAWORTHINESS

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 20

The second element of the unseaworthiness claim is causation.

The principal law applicable to proximate cause for unseaworthiness is different from the one we previously discussed for negligence. With respect to the unseaworthiness claim, proximate cause means: (1) that the unseaworthiness played a substantial part in bringing about or actually causing the Plaintiff's injury; and (2) that the injury was a direct result or a reasonable probable consequence of the unseaworthiness.

Miller v. American President Lines, 989 F.2d 1450, 1463 (6th Cir. 1993).

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions - Civil (Fourth Edition), §95.18.

Fifth Circuit Pattern Jury Instruction, Civil, §4.6.

CONCURRENT ACTS OF NEGLIGENCE

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 21

There may be more than just one proximate cause of an injury or damage.  On the contrary, many facts or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

Federal Jury Practice and Instructions (4th edition), §§80.18, 80.19.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 22

When the negligent acts or omissions of two or more persons contribute concurrently,

and as proximate causes to the injury and damage of another, each of such persons is liable.  This

is true regardless of the relative blame or fault of each.

Philips Petroleum Co. v. Hardee, 189 F.2d 205, 212 (5th Cir. 1951).

Aetna Casualty Surety Co. v. P.B. Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 23

The claim of negligence and the claim of unseaworthiness are separate claims, and you must consider them separately in accordance with these instructions. You may find for the plaintiff on both counts, or for the plaintiff on one and not on the other, or for the defendant on both counts, all depending on how you find the facts.

If you find for the plaintiff on either claim it will then be your duty to determine damages in accordance with these instructions. Even if you find for the plaintiff on both claims, however, the plaintiff is entitled to but one recovery.

If you find for the defendant on both claims, then you will not consider the questions of damages.

Federal Jury Practice and Instructions (5th Edition), §156.91.

<u>CONTRIBUTORY NEGLIGENCE</u>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 24</u>

Now the defendant here contends that the plaintiff himself was negligent.  The burden is

on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance

of the evidence in the case, first, that the plaintiff himself was also at fault, and, second, that such

fault was causally related to the plaintiff's injury.

<u>Federal Jury Practice and Instructions (5th edition)</u>, §§156.50,
156.120.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 25

A seaman is required to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. In other words, under the Jones Act, a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 339 (5th Cir. 1997) (en banc).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 26

A failure to report or complain about a dangerous or defective condition which is open or obvious is not evidence of contributory negligence on the part of the seaman if the circumstances are such that doing so would be a futile act.  A seaman is not duty bound to do a futile act.

Rivera v. Farrell Lines, Inc., 474 F.2d 255, 258 (2nd Cir. 1973).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 27</u>

A seaman must do his work as he is instructed and with the equipment available.  He is not obligated to protest against the method of operation which he had been instructed to follow, nor is he obligated to call for additional or different equipment.

Further, he has no duty to devise a method for doing his job safer than the method created, established or permitted by his employer.

<u>Ballwanz v. Isthmian Lines, Inc.</u>, 319 F.2d 457, 462 (4th Cir. 1963).

<u>Merchant v. Ruhle</u>, 740 F.2d 86, 88 (1st Cir. 1984).

<u>Wyatt v. Penrod Drilling Co.</u>, 735 F.2d 951, 955 (5th Cir. 1984).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 28

When a seaman is performing work as ordered or told by his Captain or superior, he

cannot be found to be contributorily negligent.

<div style="margin-left: 40%;">

Riveria v. Rederi A/B Nordstjernan, et al. v. International Shipping Agency, 456 F.2d 970 (1st Cir. 1972).

Curry v. Fluor Drilling Services, Inc., 715 F.2d 893 (5th Cir. 1983).

Earl v. Bouchard Transportation Co., Inc., 917 F.2d 1320, 1323-1324 (2nd Cir. 1990).

</div>

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 30</u>

<u>DAMAGES</u>

If you find that the defendant is liable for the Plaintiff's injuries, the plaintiff is entitled to recover as his damages compensation for all pain and suffering, physical as well as mental, past, present and future, which he has sustained or will sustain arising from the injuries suffered by him; he is also entitled to recover such wages as he may have lost in the past, is losing in the present and is likely to lose in the future from the impairment of his earning capacity arising from said injuries; he is also entitled to recover as damages fair and reasonable compensation for the loss of bodily function and permanent physical disability to his body and his limbs which he has sustained and is likely to sustain in the future; further, he is entitled to recover mental anguish and anxiety including humiliation, shame and embarrassment, worry and concern, and feelings of economic insecurity caused by his disability.

Norris, <u>The Law of the Seaman (4th edition)</u>, §30.41.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 31</u>

The law recognizes that a negligent party, or a party liable for the breach of duty of seaworthiness, is liable for harm and damage caused by the aggravation of a pre-existing disease or condition of the person.  Another way of explaining this idea is to say that the Defendant must take the Plaintiff as he was, whether strong or weak, healthy or sickly, and a weakened person is entitled to recover for the harm to which the Defendant's conduct contributes, even though the injured person had a pre-existing condition, disease or injury and would not have suffered so much had he been a stronger person before the injury.

<u>White v. Johns-Manville, et al.</u>, 622 F.2d 234 (4th Cir. 1981).

<u>The Jefferson Myers</u>, 45 F.2d 162 (2nd Cir. 1930).

Norris, <u>The Law of the Seaman (4th edition)</u>, §30.41.

31

## IMPAIRMENT TO EARNING CAPACITY

### PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 32

If you find that plaintiff has suffered a disability which will impair his earning capacity in the future, then you should determine the extent to which his earning ability has been reduced and award the plaintiff the present value of such sum as you find will compensate him for all such future losses.  Disability which is permanent in nature is any impairment of body or mind which results from injuries which permanently restrict the individual from following his gainful occupation to the full extent he was able to before he was injured.  Disabling injuries does not mean helplessness; an individual need not be bedridden or unable to move to be suffering a permanent disability from an employable point of view.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 33</u>

Any award for future economic damages must be for the present cash value of those damages.  Non-economic damages such as physical and emotional pain and suffering are not reduced to "present cash value".  "Present cash value" means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred in the future.  The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  In determining "present cash value" you should also consider decreases in the value of money, which may be caused by future inflation.

<u>Federal Jury Practice and Instructions (4th Edition)</u>, §§85.11, 95.19.

<u>Jones & Laughlin Steel Corp v. Pfeifer</u>, 462 U.S. 522, 103 S.Ct. 2541 (1983).

## PAIN AND SUFFERING

### PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 34

If you find that the plaintiff is entitled to damages you should also award such further sums of money which will fairly compensate him for all of the pain and suffering, both of body and mind which you may find that he has suffered in the past, and that he is likely to suffer in the future as a result of his injuries. There is no yardstick to measure the monetary value of plaintiff's suffering, but you must use your own common experience and good judgment in arriving at such a sum of money which will reasonably compensate the plaintiff for his pain and suffering.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 35</u>

The Plaintiff has also brought suit to recover what is known as "Maintenance and Cure."

The Plaintiff is entitled to Maintenance and Cure if he has proven that 1) he is a "seaman;" 2) the

Defendant owned the ship on which he was employed; and 3) he was injured while in the service

of the ship owned by the Defendant.

<u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 527, 58 S.Ct.
651, 653 (1938).

<u>Hokell v. Socony Mobil Oil Corp.</u>, 237 F.2d 707 (1st Cir. 1956).

<u>Picou v. American Offshore Fleet, Inc.</u>, 576 F.2d 585 (5th Cir.
1978) (maintenance and cure claim joined with Jones Act claim
must be tried before a jury).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 36</u>

Under the Doctrine of "Maintenance and Cure," a vessel is required to provide care for seamen recovering from an injury received while in the service of the ship.  The claim of maintenance and cure is a separate and distinct claim from the Plaintiff's Jones Act and unseaworthiness claims.

The term "Maintenance" refers to the compensation paid by the vessel for the room and board of the injured seaman while he is recovering.  "Maintenance" <u>does not</u> include compensation for lost wages, future lost wages, pain or suffering.  Maintenance benefits are the value of the room and board the injured seaman received while he was on board the vessel.

The term "Cure" refers to the seaman's right to receive compensation for the reasonable medical expenses he incurred as a result of an injury received while in the service of the vessel.

> <u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 527, 58 S.Ct. 651, 653 (1938).
>
> <u>Vaughan v. Atkinson</u>, 369 U.S. 527, 531, 82 S.Ct. 997, 1000 (1962).
>
> <u>Ferrara v. A. & V. Fishing, Inc.</u>, 99 F.3d 449, 452 (1st Cir. 1996).
>
> <u>Pelotto v. L & N Towing Company</u>, 604 F.2d 396, 400 (5th Cir. 1979).
>
> <u>See</u> <u>generally</u> Norris, <u>The Law of Seamen (4th Edition)</u>, chapter 26.

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 37</u>

Maintenance and Cure benefits are due to the Plaintiff if you find that he was injured while in the service of a ship owned by the defendant, even if you also find that the defendant was not negligent and the ship was not unseaworthy.  In other words, the Plaintiff need not prove that the ship or ship owner was at fault in order to be entitled to maintenance and cure.

<u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 527, 58 S.Ct. 651, 653 (1938).

<u>Pelotto v. L & N Towing Co.</u>, 604 F.2d 396, 400 (5th Cir. 1979).

<u>Hazelton v. Luckinbush S.S. Co.</u>, 134 F.Supp. 525 (D. Mass. 1955).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 38

The negligence, if any, of the seaman is not a defense to the owner's obligation to pay maintenance and cure.  Neither maintenance nor cure may be reduced because of any negligence on the part of the seaman.

Fitzgerald v. United States Lines Co., 374 U.S. 16, 19, 83 S.Ct. 1646 (1963).

Federal Jury Practice and Instructions (4th Edition), §95.24.

## PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 39

A seaman injured while in the service of the vessel is entitled to "Maintenance and Cure" until he reaches the point of maximum medical recovery.

A seaman must be medically declared to have reached the point of maximum medical recovery before maintenance and cure may properly be terminated.

Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 1000 (1962).

Hubbard v. Faros Fisheries, Inc., 626 F.2d 196, 201-202 (1st Cir. 1980).

Grove v. Dixie Carriers, Inc., 553 F.Supp. 777 (5th Cir. 1982).

Pelotto v. L & N Towing Co., 604 F.2d 396, 400 (5th Cir. 1979).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 40</u>

In order to determine the amount of Maintenance due to the Plaintiff you must determine what is the fair value for the food and lodging that is necessary to sustain a seaman when he falls ill or becomes injured in the service of the ship.  It is important in determining this what the fair market value is or the going rate for his bunk and food that he gets aboard the vessel.  Once you have determined what that fair value is, then you will determine the number of days that the plaintiff was disabled and then compute the total amount due.

In determining cure, you will refer to the evidence submitted on medical bills and determine the amount due the plaintiff for the payment of these bills that are related to his injury.

<u>Calmar S.S. Corporation v. Taylor</u>, 303 U.S. 525, 528, 58 S.Ct. 651, 653 (1938).

Norris, <u>The Law of Seamen (4th Edition)</u>, §26:35.

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 41

DUTY TO INVESTIGATE

An employer has a duty to investigate a seaman's claim in good faith and with reasonable diligence.  An employer is not obligated to pay maintenance and cure to a seaman just because the seaman claims an injury.  The employer has a right to contest the claim in good faith.

Sullivan v. Tropical Tuna, Inc., 963 F.Supp. 42, 45-46 (D. Mass. 1997).

Stewart v. S.S. Richmond, 214 F. Supp. 135, 136 (E.D. La. 1963).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 42</u>

Once a shipowner has been requested by a seaman or his representative to provide

maintenance and cure, the shipowner has the obligation to perform a thorough, good faith

investigation into whether the seaman's claim is meritorious.

<u>Vaughn v. Atkinson</u>, 369 U.S. 527, 528, 82 S.Ct. 997 (1962).

<u>Rodriguez Alvarez v. Bahama Cruise Line, Inc.</u>, 898 F.2d 312, 316 (2nd Cir. 1990).

<u>Morales v. Garijack, Inc.</u>, 829 F.2d 1355, 1358 (5th Cir. 1987).

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 43

Whether a seaman's medical condition, if any, warrants the provision of maintenance and cure, and whether the seaman has reached maximum medical recovery are medical questions, not legal questions. Therefore, a shipowner's decision to deny maintenance and cure to a seaman must rely, at least in part, upon sound medical analysis of the claim.

Breese v. AWI, Inc., 823 F.2d 100, 104-105 (5th Cir. 1987).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 44</u>

If you find that the defendant improperly terminated the plaintiff's maintenance and cure and/or failed to pay maintenance and cure when due and, as a result of that improper refusal, the seaman was forced to hire an attorney and go to court to recover maintenance and cure, you may award damages for prolongation or aggravation of the seaman's injury, pain and suffering, and any additional medical expenses incurred as a result of the failure to pay and a reasonable sum to compensate his attorney for services furnished.

<u>Vaughan v. Atkinson</u>, 369 U.S. 527, 82 S.Ct. 997 (1962).

<u>Sullivan v. Tropical Tuna, Inc.</u>, 963 F.Supp. 42, 45-46 (D. Mass. 1997).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 44XXX</u>

A seaman may recover compensatory damages for a ship owner's unreasonable failure to pay maintenance and cure even if the refusal to pay maintenance and cure did not in and of itself aggravate the seaman's medical condition.

<u>Sullivan v. Tropical Tuna, Inc.</u>, 963 F.Supp. 42, 46 (D. Mass. 1997).

<u>PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 45</u>

The seaman's right to receive maintenance and cure is independent of his right to receive compensatory damages under the Jones Act or under the doctrine of unseaworthiness. If your verdict is to award the Plaintiff compensatory damages for lost earnings or for pain and suffering or for other losses, you are not to deduct from that award any amount that you award the Plaintiff for maintenance and cure.

<u>Pacific S.S. Co. v. Peterson</u>, 278 U.S. 130, 49 S.Ct. 75 (1928).

PRE-JUDGMENT INTEREST

PLAINTIFF'S REQUESTED INSTRUCTION NUMBER 46

The final element of possible damages that may be awarded upon a finding for the plaintiff is called pre-judgment interest. The purpose of pre-judgment interest is to make the plaintiff fully whole or compensated.  If you should find for the plaintiff you may decide that the plaintiff has not had the benefit of the money you award today for damages sustained in the past.  You may correct that situation if you desire.  Such an award is within your sole discretion as the triers of fact in this case.

You may look to the cost of borrowing money from a bank or to other reasonable guideposts to determine the rate of interest to be applied.

Robinson v. Pocahontas, Inc., 477 F.2d 1048 (1st Cir. 1973).

Couch v. Cro-Marine Transport, Inc., 44 F.3d 319, 323 (5th Cir. 1995).

Todd Shipyards Corp. v. Auto Transp., S.A., 763 F.2d 745, 753 (5th Cir. 1985).

Gator Marine Service Towing, Inc. v. J. Ray McDermott & Co., 651 F.2d 1096, 1100-1101 (5th Cir. 1981).

Respectfully submitted for the
the Plaintiff, Anthony Dacre,
by his attorney,


/s/ David J. Berg
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following: Joseph A. Regan, Esq.

/s/ David J. Berg
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: February 7, 2005