UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY DACRE,<br>    Plaintiff<br><br>V.<br><br>WHITE WATER SEAFOOD CORP.,<br>    Defendant | Civil Action<br><br>No. 03-12269-RCL |

JOINT PRETRIAL STATEMENT

1.  Trial counsel

For the Plaintiff
David J. Berg
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

For the Defendant
Joseph A. Regan, Esq.
Syd A. Saloman, Esq.
Regan & Kiely LLP
85 Devonshire St.
Boston, MA 02109
617-723-0901

2.  Concise summary of the positions asserted by the parties

Plaintiff

This is a Jones Act case. The Plaintiff was an experienced commercial fisherman who was making his first trip on the Defendant's vessel. On July 17, 2001, which was approximately the 4th day of the trip in question, the Plaintiff slipped on fish slime and gurry while attempting to land a shark with the other crew members. While they were trying to bring the shark on board, he slipped and fell on the deck on his back. His head hit the deck and his back landed on

a wash down hose that was laying on the deck.

As a result of this incident, the Plaintiff suffered bulging discs at L3-4 and L4-5 and a herniated disc at L5-S1.  On May 9, 2003, he underwent a 3 level lumbar laminectomy from L3 to L5, with a right L4-5 discectomy, and exploration of discs from L3 to S1.  The Plaintiff still suffers from low back pain, leg pain and numbness and urinary difficulties.  He also suffers from neck and upper back pain and hand numbness, and sleep difficulties, along with difficulty standing, walking, and sitting.

The Plaintiff has not worked since returning from this fishing trip.  Prior to this trip, he had been a part time commercial fisherman.  He had also done construction, handyman services, home improvements, landscaping, gardening, auto repair, small engine repair and service, electrical work, and pool service.  Prior to the injury, he was earning approximately $25 – 35,000 per year.  The Plaintiff contends that he is totally disabled as a result of this incident, and that such disability is likely to be permanent.

The Plaintiff contends that the deck did not have sure-grip or non-skid paint on it, and that failure to have non-skid paint on a commercial fishing vessel, where the deck is often wet with water or fish guts, parts, or slime, will result in a dangerously slippery and unsafe deck. Prior to the trip, the Plaintiff told the vessel owner, Richard Kohrnarhens, that the deck was slippery and needed non-skid paint.  The Plaintiff asked the owner to let him put a coat of paint on the deck with sure-grip or sand, but the owner refused.

Prior to his injury, the vessel's captain had told him that he did not have time to throw overboard the fish remains (guts, slime, etc.) from the fish butchering, thus rendering the deck more slick and unsafe.  Prior to his injury, the captain threatened to cut the Plaintiff's share if he

did not stop clearing debris off of the deck.  For these reasons, the Plaintiff contends that the Defendant was negligent and that the vessel was unseaworthy.  The intended purpose of the deck of a commercial fishing vessel is to allow the crew to walk around safely on the deck.  A crew member could not do that on the Defendant's vessel for the reasons set forth above.

<u>Defendant</u>

The defendant denies most, if not all, of the factual assertions listed by the plaintiff, above.  Most importantly, there were two other crewmembers working alongside the plaintiff, Mr. Brad Roxby and Mr. Dave Bloomquist.  According to the plaintiff's deposition testimony, Mr. Roxby and Mr. Bloomquist were on either side of him when he fell.  Both Mr. Roxby and Mr. Bloomquist have testified under oath that the plaintiff never fell.

Indeed, Mr. Bloomquist has testified that, at some period following the incident, he was contacted by the plaintiff in an attempt by the plaintiff to get Mr. Bloomquist to support his story.  At that time, it was discussed that the plaintiff was going to allege that he fell in the fish hold as opposed to on the work deck as the plaintiff ultimately claimed.

The defendant also contests whether the plaintiff was ever injured or, if so, whether it occurred onboard the defendant's vessel.  The plaintiff was transferred from one vessel to another at about 3:00 a.m. at sea and jumped a distance of about 2-3 feet across and 4 feet down in order to get on the other vessel, the F/V DEESIE.  This is utterly inconsistent with the claim of an injured back.  Likewise, the plaintiff's medical records are replete with references to other injuries before this incident, during the period of time the plaintiff claims to have been suffering from a bad back, and even after he had surgery.

3. <u>Claims or defenses to be waived</u>

    None.

4. <u>Facts established by the pleadings, stipulations, and admissions</u>

    1. The Defendant owned the F/V WHITE WATER as of July, 2001.

    2. The Defendant operated the F/V WHITE WATER as of July, 2001.

5. <u>Contested issues of fact</u>

    1. Whether the Plaintiff suffered an injury on the F/V WHITE WATER on July 17, 2001 or at any point during his fishing trip on the F/V WHITE WATER in July, 2001.

    2. Whether the Plaintiff was injured while attempting to gaff a shark on the F/V WHITE WATER in July, 2001.

    3. Whether the Plaintiff slipped on fish slime and gurry while attempting to gaff a shark on the F/V WHITE WATER.

    4. Whether the Plaintiff reported to the captain or owner of the F/V WHITE WATER that he was injured on the F/V WHITE WATER on July 17, 2001.

    5. The nature and extent of the Plaintiff's damages.

    6. Whether the Plaintiff has reached a point of maximum medical improvement, and, if so, when he reached such a point.

6. <u>Jurisdictional questions</u>

    None.

7. <u>Questions raised by pending motions</u>

    The defendant will file a Motion to Bifurcate at the same time as this Joint Pretrial

Statement.

8. <u>Issues of law</u>

This case presents the standard questions of liability, damages, and entitlement of maintenance and cure that are found in a Jones Act case. Additionally, the Plaintiff is filing motions in limine regarding collateral source benefits and criminal records.

9. <u>Requested amendments to the pleadings</u>

None.

10. <u>Additional matters to aid in the disposition of the action</u>

None.

11. <u>Probable length of the trial</u>

3 days.

12. <u>Witnesses</u>

<u>Plaintiff</u>

Factual witnesses

David Bloomquist
33 Gentle Bend
Ormond Beach, FL

Anthony Dacre
411 N. 26th St.
Richmond, VA 23223

James Flagal
782 SW Bridgeport Dr.
Port St. Lucie, FL 33953

Richard Kohrnahrens
149 Indies Dr. North
Duck Key, FL  33050

Barry Marx
8050 Lagoon Rd.
Ft. Myers Beach, FL 33931

Brad Roxby
9314 Ledo Lane
Port Richey, FL

Medical witnesses

Bruce E. Mathern, M.D.
MidAtlantic Spine Specialists
7650 Parham Rd.
Richmond, VA 23294

Dr. Mathern is board certified in neurological surgery.

Kevin M. McGrail, M.D.
Pasquerilla Healthcare Center,
First Floor
Georgetown University Hospital
3800 Reservoir Road, NW
Washington, DC 20007

Dr. McGrail is board certified in neurological surgery.

Keepers of the records of the following:

Georgetown University Hospital
3800 Reservoir Road, NW
Washington, DC 20007

MCV Hospitals
P.O. Box 980679
Richmond, VA 23298

MidAtlantic Spine Specialists
7650 Parham Rd.
Richmond, VA 23294

White Water Seafood Corp.
149 Indies Dr. North

Duck Key, FL  33050

Defendant

  Several of the witnesses the defendant would expect to call have already been listed above by the plaintiff.  The defendant reserves the right to call any and all of the listed witnesses.

Patty Kornahrens
149 Indies Dr. North
Duck Key, Florida   33050

Pete Bradley
F/V OUTLAW

Rick Ross
F/V SOUTHERN LADY

Bobby Kane
F/V JANICE ANN

Tom Durkee
F/V HAPPY NIGHT 2 NIGHT

Willie Etheridge
F/V YELLOW FIN

Kyle Hannah
F/V DELIVERANCE

Robert A. Davis
Claims Manager
Classic Claim & Investigative Services, Inc.
P.O. Box 556
Valrico, FL 33595-0556

Dr. Ronald Birkenfeld (or substitute medical expert)
Associates in Neurosurgery
Milton Hospital Medical Office Building
100 Highland Street
Milton, MA 02186

13.    <u>Proposed exhibits</u>

<u>Introduced without objection</u>

1.    Plaintiff's medical records from MCV Hospitals with respect to this incident

2.    Plaintiff's medical records Georgetown Medical Center

3.    Plaintiff's medical records from MidAtlantic Spine Specialists

4.    Plaintiff's tax returns or other records of Plaintiff's taxes received from the IRS

5.    Photographs of the F/V WHITE WATER

6.    Settlement sheets of the F/V WHITE WATER

7.    A Bonanza bus passenger receipt dated 7-21-01 reflecting a trip by the plaintiff from New Bedford to Providence.

8.    An Amtrak receipt dated 7-21-01 reflecting a trip by the plaintiff from Providence to Richmond.

9.    Correspondence as to maintenance and cure.

10.    Records as to payment of maintenance and cure.

<u>Objected to exhibits</u>

A.    Plaintiff's earnings records    Defendant objects

B.    Records regarding the Plaintiff's expenses for room and board when not on a fishing vessel    Defendant objects

C.    The plaintiff's medical records from MCV Hospital related to other injuries prior to and subsequent to this injury.    Plaintiff objects

D.    Any other medical records of the plaintiff relating to prior or subsequent injuries.    Plaintiff objects

E.  Records of the plaintiff's convictions.            Plaintiff objects

F.  All exhibits from depositions taken in the case.   Plaintiff objects

G.  A miniature cassette tape which records a message left by the

plaintiff on the answering machine of Richard and Patty Kornahrens.   Plaintiff objects

H.  Plaintiff's Temporary Travel Permit dated 5-14-01.   Plaintiff objects


Respectfully submitted,
Anthony Dacre, Plaintiff,
By his attorney,


/s/ David J. Berg_____
David J. Berg
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

White Water Seafood Corp.,
Defendant,
By its attorneys,


/s/ Joseph A. Regan_____
Joseph A. Regan, Esq.
Syd A. Saloman, Esq.
Regan & Kiely LLP
85 Devonshire St.
Boston, MA 02109
617-723-0901

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                <u>/s/ David J. Berg</u>
                David J. Berg, Esq.
                Latti & Anderson LLP
                30-31 Union Wharf
                Boston, MA 02109
                617-523-1000

Dated: February 8, 2005